IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA PEREZ,                      )
                                  )
              Plaintiff,          )
                                  )
         v.                       )    No.   05 C 5605
                                  )
BELMONT CHRISTIAN SCHOOL, et al., )
                                  )
              Defendants.         )

MEMORANDUM ORDER

Belmont Christian School and Belmont Assembly of God (collectively "Belmont," treated as a singular noun after this sentence) have filed their Answer and two affirmative defenses ("ADs") to the employment discrimination Complaint brought against them by pro se plaintiff Maria Perez ("Perez"). This memorandum order is issued sua sponte because of the problematic nature of both of the ADs.

Before that subject is addressed, however, another point should be made that would not of itself have triggered the issuance of this order. Answer ¶¶8 and 13(c) properly track the kind of disclaimer that the second sentence of Fed. R. Civ. P. ("Rule") 8(b) requires for a defendant to get the benefit of a deemed denial of a plaintiff's allegations. But then having done so, each of those paragraphs concludes by stating "and therefore the allegations are denied." Just a moment's thought is needed to see that a denial of an allegation by a defendant that concededly lacks information sufficient to form a belief as to

the truth of that allegation is oxymoronic. Those concluding clauses are accordingly stricken from both paragraphs.

More substantively, AD 1 states:

> Plaintiff's Title VII claims are barred because she failed to timely file her Complaint after receiving her Notice of Right to Sue.

But that subject was addressed before Belmont entered the case in this Court's brief October 3, 2005 memorandum order ("Order"), which stated in relevant part:

> In the meantime, however, with Perez having received the right-to-sue letter on June 30, 2005 according to Complaint ¶8(b), her submission of the Complaint on September 28 came on the last day of the 90-day period allowed by statute.

Because Perez did not then qualify for in forma pauperis ("IFP") treatment, the Order gave her until October 21 to either pay the filing fee or submit an amended IFP application. And consistently with the teaching of our Court of Appeals (Williams-Guice v. Bd. of Educ., 45 F.3d 161, 165 (7th Cir. 1995)), the Order went on to say that either such submission by Perez within that time period would cause the September 28 date to "continue to be considered as the filing date of this action."

On October 21 Perez did file an amended IFP application that qualified her for that status, and this Court accordingly granted her leave to proceed without payment of the filing fee. And that in turn caused her Complaint to be deemed filed on September 28 (see this District Court's LR 3.3(d) and (e), which correspond to

the earlier Local Rule 11D referred to in <u>Williams-Guice</u>). All of that being so, no basis appears to exist for Belmont's assertion of the Complaint's untimeliness.

AD 2, which asserts Perez' failure to exhaust the Title VII administrative remedies "by not raising some of her claims in the charge of discrimination...," also appears to raise a question. Any asserted deficiency in that respect is not readily apparent from Perez' Charge of Discrimination (a copy of which is attached to her Complaint).

Accordingly Belmont is ordered to flesh out its two ADs by an appropriate amendment on or before December 12, 2005. Absent such a timely filing, or if the required filing fails properly to support either or both ADs, this Court will consider striking the unsupported AD or ADs with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2005